IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFING JACKSON**, | ) | No. 05 C 5437 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **First Amended Complaint** |
| vs. | ) | |
| | ) | |
| Chicago Police Officers | ) | JUDGE GUZMAN |
| **Zach Rubald, Star No. 14540**, **Lance  Handzel**, | ) | |
| **Star No. 8116, J. Martin, Star No. 14313, Piwnicki**, | ) | |
| **Star No. 7858**, **S. Rigan, Star No. 19567, Svachula** | ) | JURY DEMANDED |
| **Star No. 3146, R. Willingham, Star No. 3664**, | ) | |
| **Morales Star No. 15318, D. Parker, Star No. 6499** | ) | |
| and **E. Olson Star No. 1145**, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff alleges:

## JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of

1871 [42 U.S.C. Sections 1983 and 1985].  This court has jurisdiction under and by virtue of 28

U.S.C. Sections 1343 and 1331.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1381 as the acts

complained of arose in this district.

## PARTIES

3.      At all times herein mentioned, Plaintiff, JEFFING JACKSON ("JACKSON") was

and is now a citizen of the United States.

4.      At all times herein mentioned Chicago Police Officer ZACH RUBALD, Star No. 14540 ("RUBALD") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

5.      At all times herein mentioned Chicago Police Officer Lance Handzel, Star No. 8116 ("HANDZEL") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

6.      At all times herein mentioned Chicago Police Officer J. Martin, Star No. 14313 ("MARTIN") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

7.      At all times herein mentioned Chicago Police Officer Piwnicki, Star No. 7858 ("PIWNICKI") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

8.      At all times herein mentioned Chicago Police Officer S. Rigan, Star No. 19567 ("RIGAN") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

9.      At all times herein mentioned Chicago Police Officer Svachula, Star No. 3146 ("SVACHULA") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

10.     At all times herein mentioned Chicago Police Officer R. Willingham, Star No. 3664 ("WILLINGHAM") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

11.     At all times herein mentioned Chicago Police Officer Morales, Star No. 15318 ("MORALES") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

12.     At all times herein mentioned Chicago Police Officer D. Parker, Star No. 6499 ("PARKER") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

13.     At all times herein mentioned Chicago Police Officer E. Olson, Star No. 1145 ("OLSON") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

## FACTUAL ALLEGATIONS

14.      On or about August 4, 2005, plaintiff resided in an apartment building located at 646 N. St. Louis, Chicago, Illinois.

15.     At that time and place defendants entered and searched plaintiff's apartment.

16.     The defendants did not knock on plaintiff's door and announce their identity and intention before forcibly entering plaintiff's home.

3

17.     At that time and place defendants handcuffed and seized plaintiff.

18.     There was no legal cause to seize plaintiff.

19.     The Plaintiff did not consent to being seized.

20.     Plaintiff is informed and believes, and alleges thereon that RUBALD obtained a search warrant listing plaintiff's apartment as the premises to be searched, and listing someone named Tyrone Reese with a date of birth of October 25, 1971, as the person to be searched.

21.     Plaintiff is informed and believes, and alleges thereon that the search warrant in defendants' possession did not identify plaintiff as the person to be searched.

22.     Plaintiff is informed and believes, and alleges thereon that defendant RUBALD obtained the search warrant by providing information to a judge that he knew, or should have known, was false in order to obtain the search warrant.

23.     The warrant RUBALD obtained was so lacking in indica of probable cause as to render belief in the existence of probable cause to support the issuance of a search warrant for plaintiff's home unreasonable.

24.     As a result of the seizure plaintiff was handcuffed and detained against his will for a long period of time.

25.     During the process of searching plaintiff's apartment defendants unreasonably caused significant property damage.

26.     By reason of the above-described acts and omissions of defendants, plaintiff sustained injuries, including but not limited to, property damage, humiliation and indignities, and suffered great mental and emotional trauma, pain and suffering all to his damage in an amount to be ascertained.

27.     The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for plaintiff's rights

4

and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

28.     By reason of the above-described acts and omissions of the defendants, and each of them, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, plaintiff requests payment by defendants, and each of them of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff against Defendants for
### Unreasonable Search

29.  Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

30.     By reason of the defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

31.     The arbitrary intrusion by defendants, into the security and privacy of plaintiff's apartment was in violation of plaintiff's Constitutional Rights and not authorized by law. The defendants violated the plaintiff's rights in the following manner: 1) Defendant RUBALD obtained the search warrant for plaintiff's premises by providing information to the issuing judge that he knew, or should have known, was false in order to obtain the search warrant; 2) The search warrant was so lacking in any indicia of probable cause to support the issuance of a search warrant for plaintiff's home as to render RUBALD'S belief in the existence of probable cause to search plaintiff's home unreasonable; 3) All of the defendants failed to knock on plaintiff's door

5

and announce their identity and intention before forcibly entering plaintiff's home; 4) All of the defendants conducted the search in an unreasonable manner that caused significant property damage. Therefore, the defendants, and each of them in their individual capacity are liable to plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff Against Defendants for
### UNREASONBLE SEIZURE

32.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

33.     By reason of the defendants' conduct plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

34.     The arbitrary intrusion by defendants, into the security and privacy of plaintiff's person was in violation of plaintiff's Constitutional Rights and not authorized by law.  The defendants violated the plaintiff's rights in the following manner: The seizure and handcuffing of plaintiff was without any legal cause, and continued for an unreasonable length of time.  The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of plaintiff's rights.  Therefore, the defendants, and each of them, are liable to plaintiff pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff, JEFFING JACKSON, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment against the Defendants, and each of them as follows:

1.     That the Defendants be required to pay the Plaintiff general damages including emotional distress, in a sum to be ascertained.

2.     That Defendants be required to pay Plaintiff special damages.

3.      That Defendants be required to pay Plaintiff exemplary and punitive damages in a sum to be ascertained;

4.      That Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

5.      That Defendants be required to pay Plaintiff the costs of suit herein incurred; and

6.      That Plaintiff have such other and further relief as the court may deem just and proper.

Submitted by,
S/Garrett Browne
  Garrett Browne


**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

By: s/ Garrett Browne
   Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiffs
Suite 330
300 West Adams
Chicago, Illinois  60606
(312) 345-8877
gbrowne@efox-law.com